[Cite as *State ex rel. McCraw v. Dept. of Rehab & Corr.*, 2019-Ohio-2341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. <br> Jackie J. McCraw, | : | |
| | : | |
| Relator, | | |
| | : | No. 18AP-311 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation <br> and Correction, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 13, 2019

**On brief**: *Jackie J. McCraw*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS

DORRIAN, J.

{¶ 1} In this original action, relator, Jackie J. McCraw, requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction, to provide him with an "additional 138 days of jail time credit as he was waiting to be transported from the Summit County jail on March 22, 2017 until he was actually delivered to the Respondent on August 1, 2017."

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court deny relator's request for a writ of mandamus.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, relator's complaint for a writ of mandamus is dismissed.   Furthermore, any remaining motions are rendered moot.

*Action dismissed.*

BROWN and SADLER, JJ., concur.

—————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Jackie J. McCraw, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-311 |
| | : | |
| Department of Rehabilitation<br>and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

### MAGISTRATE'S DECISION

**Rendered on March 13, 2019**

*Jackie J. McCraw,* **pro se.**

*Dave Yost,* **Attorney General, and** *George Horvath,* **for respondent.**

### IN MANDAMUS

{¶ 5} Relator, Jackie J. McCraw, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction, to provide him with an "additional 138 days of jail time credit as he was waiting to be transported from the Summit County jail on March 22, 2017 until he was actually delivered to the Respondent on August 1, 2017."

Findings of Fact:

{¶ 6}   1.   Relator is an inmate currently incarcerated at Richland Correctional Institution.

{¶ 7}   2.   Relator filed this mandamus action on May 1, 2018.

{¶ 8}   3.   Relator attached to his complaint a copy of the letter he sent to respondent explaining that his jail-time credit had not been properly credited as well as respondent's reply explaining that it had been properly calculated.

{¶ 9}   4.   Respondent has filed certified evidence which includes the July 13, 2018 affidavit of Shannon Castlin, the correctional records sentence computation auditor for respondent.  Attached to her affidavit is a copy of the official sentence computation as well as copies of the journal entries from the trial court which she references.  Specifically, Castlin's June 19, 2018 letter to the Ohio Attorney General's office explains the computation of relator's sentence.  Specifically, that letter provides:

> Inmate McCraw was admitted on 11-9-2004 assigned #474-094 he was final released from Post Release Contal on 3-22-2010. Later he was admitted on 9-15-2014 from Summit Co assigned #A661-105 with the following cases:
>
> CR2012113271, Summit Co, Possession, 1 year
> CR2013082274, Summit Co, Breaking and Entering, 1 year
> CR2014061601, Summit Co, Possession, 1 year
>
> The above cases were ordered by the court to run consecutive to each with an aggregate total sentence of 36 months with 84 days of jail time credit.
>
> Later inmate McCraw was granted Judicial Release on 9-30-15. He later violated the terms of his community control and Judge Rowlands terminated inmate McCraw from the program and re-imposed the 36 month sentences on March 22, 2017 on Summit Co cases CR2012113271, Cr2013082274 and CR2014061601 granting 95 day's jail time credit in the sentencing entry. Our office applied 476 days which includes 95 days' jail credit and 381 day's prison time for these cases. Please see attracted.
>
> While on Judicial Release inmate McCraw picked up two more cases out of Summit Co cases CR2017031039 and CR2017061964 and he was brought into our custody on 8-1-2017 on the above mention cases assigned #A701-198. He was

sentenced on July 25, 2017 to the following on the above mention cases:

CR2017031039, Summit Co, Burglary, 1 year

With 132 days of jail time credit per the journal entry with conveyance time of 6 days totaling 138 days.

CR2017061964, Summit Co, Breaking and Entering, 1 year

With 57 days of jail time credit per the journal entry with conveyance time of 6 days totaling 63 days.

Our office applied 6 days of conveyance on each case, as they are running concurrent to each other, giving a total credit of 138 days on case CR2017031039 and 63 day's credit on case CR2017061964. CR2017061964 is the controlling of the two which is ordered consecutive to cases CR2012113271, CR2013082274, and CR2014061601 for aggregated total of 48 months with jail time credit of 539 days. See bottom annotation on update and correction.

The Judge has granted the credit that is in question on case CR2017031039. The inmate has filed a jail time credit motion with the courts on cases CR2017031039 and CR2017061964 which were denied. Base on the journal entries considering the above cases CR2017061964, CR2012113271, CR2013082274, and CR2014061601 138 days in addition to 476 days' equals 539 days which is display on the update and correction.

At this point Inmate McCraw expiration of stated term is 11-14-2019 which includes 85 days of earned credit.

(Sic Passim.)

{¶ 10} 5. Castlin also noted she had contacted Judge Rowlands' court to make sure relator had received all his credit. She was informed he had. Thereafter, Castlin contacted Judge Lanzinger's court to ensure that relator had received the proper number of days credit in the two more recent cases. The court's bailiff reviewed the records and then notified Castlin that the days had been calculated properly.

{¶ 11} 6. Briefs have been filed in this case and the matter is currently before the magistrate to review.

Conclusions of Law:

{¶ 12} For the reasons that follow, it is this magistrate's decision that relator has not demonstrated that he is entitled to a writ of mandamus because he cannot show that respondent has a clear legal duty to provide him with an additional 138 days of jail-time credit. As such, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 13} The evidence presented by respondent speaks for itself. In attempting to determine wherein the confusion lies, the magistrate believes relator's confusion could arise from the fact that his sentences in the first three cases run consecutive to each other while his sentences in the second two cases run consecutive to the first three cases, but concurrent to each other. It appears that relator believes the 138 days of jail-time credit which has been applied should be applied a second time. However, that is not the case.

{¶ 14} Finding that respondent's evidence adequately explains the calculation of relator's jail-time credit and finding no error in those calculations, the magistrate finds that relator has not demonstrated that respondent has improperly calculated his jail-time credit, and this court should deny relator's request for a writ of mandamus.


/S/ MAGISTRATE
STEPHANIE BISCA



**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**